UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILLIAM E. LANGFORD, and | ) | Chapter 7 |
| KATHY M. LANGFORD, | ) | Case No. 06-61105 |
| | ) | |
| Debtors. | ) | |

## OBJECTION TO CLAIMED EXEMPTIONS

Andrew S. Goldstein, chapter 7 trustee (the "Trustee") to the above-captioned Debtors, objects to the Debtors' claimed exemptions pursuant to § 522 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* ("Bankruptcy Code), and Rule 4003 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). In support of this motion, the Trustee respectfully states as follows:

### JURISDICTION AND VENUE

1. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

4. On July 25, 2006, the Debtors filed a voluntary chapter 7 petition in this Court.

5. The first meeting of creditors was held on August 22, 2006.

6. Mr. Langford owns a 2001 Pontiac Grand-Am (the "Car") and a 2002 GMC Sonoma Pick-up Truck (the "Truck"). The scheduled value of the Car is $5,880. The scheduled value of the Truck is $8,775. A copy of Schedule B is attached as Exhibit A.

7. Mr. Langford claimed a $1,856.28 exemption in the value of the Car pursuant to Va. Code Ann. § 34-26(8).

8. Mr. Langford claimed a $2,000 exemption in the value of the Truck pursuant to Va. Code Ann. § 34-26(8).

9. The Debtors claimed $6,775 of the equity in the Truck exempt pursuant to Va. Code Ann. § 34.4.

## BASIS FOR RELIEF

10. Rule 4003(b) states, "[a] party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded." Rule 4003(b) further provides that the "court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension."

11. The Trustee is a party in interest.

12. The Trustee objects to the Debtors' claimed $2,000 exemption in the equity in the Truck pursuant to Va. Code Ann. § 34-26(8). Mr. Langford owns both the Car and the Truck. Mrs. Langford, therefore, cannot claim the exemption provided by Va. Code Ann. § 34-26(8). Mr. Langford has claimed a $1,856.28 exemption in the Car pursuant to Va. Code Ann. § 34-26(8). Therefore, Mr. Langford cannot claim an exemption in the Truck pursuant to Va. Code Ann. § 34-26(8).

13. Mrs. Langford does not own an interest in the Truck. Therefore, she cannot claim any of the equity in the Truck exempt pursuant to Va. Code Ann. § 34-4.

14. The Debtors hold the checking account jointly. Therefore, neither of the Debtors can claim more than $250 of the equity in the checking account exempt pursuant to Va. Code Ann. § 34-4.

15. The Debtors are entitled to a joint tax refund with a scheduled value of $100. Therefore, neither Debtor can claim more than $50 of the tax refund exempt pursuant to Va. Code Ann. § 34-4.

16. The Debtors allegedly have one (1) dependent.

17. The maximum amount of equity in the Truck that Mr. Langford can claim exempt pursuant to Va. Code Ann. § 34-4 is $5,200.

18. This motion is timely filed.

WHEREFORE, Andrew S. Goldstein, chapter 7 trustee to the Debtors, respectfully requests entry of an order sustaining the Trustee's objection to the Debtors' exemptions, granting the Debtors ten (10) days to amend their homestead deed and list of property claimed exempt on Schedule C, and grant such other relief as the Court deems proper.

DATED: September 19, 2006

Respectfully submitted,

ANDREW S. GOLDSTEIN, chapter 7 trustee for WILLIAM E. LANGFORD and KATHY M. LANGFORD

By: __/s/ W. Joel Charboneau__

Andrew S. Goldstein, Esquire (VSB #28421)
Magee, Foster, Goldstein & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003-0404
Telephone: (540) 343-9800
Facsimile: (540) 343-9898
*Chapter 7 Trustee*