**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

In re WILLIAM E. LANGFORD and ) Case No. 06-61105-LYN
KATHY M. LANGFORD, )
　　　　　　　　　　　　　　　　　　　 )
　　　　　　Debtors, )
　　　　　　　　　　　　　　　　　　　 )

**MEMORANDUM and ORDER**

　　　　This matter comes before the court on the chapter 7 trustee's objection to claims of exemption by William E. Langford and Kathy M. Langford ("the Debtors").

　　　　This court has jurisdiction over this matter. 28 U.S.C. §§ 1334(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A)&(B). Accordingly, this court may render a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as directed by Fed. R. Bankr. P. 7052, which is made applicable in this proceeding by Fed.R.Civ.P. 52.

*Facts*

　　　　On July 24, 2006, the Debtors filed a chapter 7 petition with the Clerk of this Court. The Debtors scheduled a 2001 Pontiac Grand-Am ("the Car") at a fair market value of $5,880.00. The Car secures a claim in the amount of $3,943.72. Consequently there is $1,856.28 in equity in the Car. The Debtors claimed an exemption in the Car in the amount of $1,856.28 pursuant to 11 U.S.C. § 522 and Va. Code § 34-26(8).

1

The Debtors also scheduled a 2002 GMC Sonoma Pick-up Truck ("the Truck") at a fair market value of $8,775.00.  The Truck is unencumbered by liens.  They claimed the Truck exempt in the amount of $6,775.00 under Va. Code §§ 34-4 & 34-13 and exempt in the amount of $2,000.00 under Va. Code § 34-26(8).

The Debtors also claimed exempt a checking account in the amount of $500.00 and tax refunds in the amount of $100.00, both under Va. Code §§ 34-4 and 34-13.

The Mr. Langford is the sole holder of the title to both the Car and the Truck.  The Debtors claim the exemptions without attributing any particular claim of exemption to either Mr. Langford or Mrs. Langford.

*Discussion*

The chapter 7 trustee objects to certain claims of exemptions by the Debtors.  The chapter 7 trustee, as the objecting party, has the burden of proof that the objections are not properly claimed.   Fed. R. Bankr. P. 4003(c).  The party objecting to an exemption bears the burden of proving that the debtor is not entitled to the exemption by a preponderance of the evidence.  See In re Arwood, 289 B.R. 889, 893 (Bankr. E.D.Tenn. 2003).

The chapter 7 trustee makes two arguments objecting to the Debtors' claims of exemptions.  He first asserts that neither of the Debtors may claim exempt property that is the sole property of the other debtor.  More specifically, he argues that Mrs. Langford may not claim exempt either the Car or the Truck because she has no ownership interest in either of them.  He asserts that only Mr. Langford may claim an exemption in either the Car or the Truck.

A householder is entitled to exempt real or personal property to be selected by the

householder not to exceed $5,000.00 in value.  11 U.S.C. § 522(b) and Va. Code § 34-4.  In addition to the exemptions provided Va. Code § 34-4, every householder shall be entitled to hold exempt from creditor process certain items including a motor vehicle, not held exempt as a tool of the trade, owned by the householder, not to exceed $2,000.00 in value.  Va. Code § 34-26(8).

This Court has previously addressed this issue.  See In re Heath, 101 B.R. 469 (Bankr. W.D. Va 1987) in which this Court on similar facts held as follows:

> Case law does not support the debtors' contention that they are entitled to a "joint" $10,000 homestead exemption as husband and wife, rather than two distinct $5,000 exemptions.  The decision of the Fourth Circuit Court of Appeals in Cheeseman v. Nachman, 656 F.2d 60 (4th Cir.1981), is clear and straightforward.  In that case, the Fourth Circuit, construing the homestead exemption provision of Va.Code § 34-4 allowing every "householder" a $5,000 exemption, determined that the term "householder" included a wife as well as a husband even though they resided together.  Accordingly, the Fourth Circuit concluded that a husband and wife residing together who file a joint bankruptcy petition are each entitled to a $5,000 homestead exemption under Va.Code § 34-4.  656 F.2d at 64.  In In re Gustinis, 16 B.R. 108 (Bankr.E.D.Va.1981), the bankruptcy court for the Eastern District of Virginia reached a similar conclusion.  In Gustinis, the court, relying on the Cheeseman decision, held that a wife who files a joint bankruptcy petition with her husband is entitled to claim a $5,000 homestead exemption in order to exempt her interest in property owned jointly with her husband, notwithstanding that her husband had separately claimed a homestead exemption. Nothing in these cases suggests that a husband and wife are entitled to a "joint" $10,000 exemption as the debtors suggest here.  To the contrary, these cases make clear that a husband and wife filing a joint bankruptcy petition may each separately claim a $5,000 exemption under Va.Code § 34-4 in property in which each has an interest.

Heath, 101 B.R. at 470-471.

A husband and wife who have filed a joint petition are each entitled to a separate $5,000.00 homestead exemption under Va. Code § 34-4, but neither may claim exempt property that is solely the property of the other.  Also see In re Preston, 96 B.R. 61 (Bankr. W.D.Va. 1989) (Wife was not entitled to Virginia homestead exemption in that she was not a party to the lease.)  and In re Ward, 210 B.R. 531, 534 (Bankr. E.D. Va. 1997) ("In bankruptcy, a husband

and a wife filing a joint petition may each claim a $5,000 exemption.")

Mrs. Langford may only claim exempt property to which she holds title. Mr. Langford may only claim exempt property to the extent of the statutory limit. Mr. Langford may claim an exemption in one vehicle up to $2,000.00 under Va. Code § 34-26(8) and an exemption in one or both vehicles in the total amount of the $5,000.00 under Va. Code § 34-4.

The chapter 7 trustee also argues that Mrs. Langford may only exempt one-half of the $500.00 checking account and one-half of the $100.00 tax refunds. He has provided no evidence concerning which spouse owns these properties and he has provided no legal argument supporting the assertion. The objection will be overruled to the extent that the chapter 7 trustee objects to the claims of exemption in the checking account and the tax refunds in as much as Mrs. Langford is, under the record, entitled to exempt them.

If Mr. Langford elects to exempt the Car in the amount of $1,856.28 under Va. Code § 34-26(8), then he may exempt the Truck in the amount of $5,000.00. If he elects to exempt the Truck in the amount of $2,000.00 under Va. Code § 34-26(8), then he may either (a) exempt the Truck in the total amount of $7,000.00 ($5,000.00 + $2,000.00) or (b) exempt the Car in the amount of $1,856.28 under Va. Code § 34-4 and the Truck in the total amount of $5,143.72 ($3,143.72 under Va. Code § 34-4 and $2,000.00 under Va. Code § 34-26(8)).

Because it provides the Debtors the greater exemption, the Court will, for purposes of the order on this dispute, assume that Mr. Langford wishes to select option (b) above. If he selects one of the other options above, or some other option consistent with this ruling, then he may file an appropriate amended Schedule C within fifteen days from the date of the entry of this order on docket.

## **ORDER**

The objection of the chapter 7 trustee to the Debtor's claims of exemption shall be and is hereby sustained in part. Mr. Langford may claim the 2001 Pontiac Grand-Am ("the Car") exempt in the amount of $1,856.28 and the 2002 GMC Sonoma Pick-up Truck exempt in the amount of $5,143.72.

All other objections to the Debtors' claims of exemptions are overruled.

So ORDERED.

Upon entry of this Memorandum and order shall forward a copy to W. Joel Charboneau, Esq., counsel for the chapter 7 trustee and David D. Embrey, Esq., counsel for the debtors.

Entered on this  13th  day of November, 2006.

_____
William E. Anderson
United States Bankruptcy Judge